1  HANSON BRIDGETT LLP
   KIMON MANOLIUS - 154971
2  kmanolius@hansonbridgett.com
   WARREN R. WEBSTER - 209540
3  wwebster@hansonbridgett.com
   ROSHAN JAIN - 241078
4  rjain@hansonbridgett.com
   EMILY M. CHARLEY - 238542
5  echarley@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, CA  94105
   Telephone:    (415) 777-3200
7  Facsimile:    (415) 541-9366

8  Attorneys for Defendants
   PENINSULA CORRIDOR JOINT POWERS
9  BOARD and NATIONAL RAILROAD
   PASSENGER CORPORATION

10
   MARY ALEXANDER & ASSOCIATES, P.C.
11 MARY E. ALEXANDER - 104173
   JENNIFER L. FIORE - 203618
12 44 Montgomery Street, Suite 1303
   San Francisco, CA 94104
13 Telephone: (415) 433-4440
   Facsimile: (415) 433-5440

14
   Attorneys for Plaintiffs
15 CECILIA REA, Individually, as Successor in Interest
   of Decedent ANTHONY REA and Personal
16 Representative of the Estate of ANTHONY REA,
   and DEAN REA

17
                **UNITED STATES DISTRICT COURT**

18
                **NORTHERN DISTRICT OF CALIFORNIA**

19

20 | CECILIA REA, Individually, as Successor | Case No. C 09-05538 EDL
21 | in Interest of Decedent ANTHONY REA |
   | and Personal Representative of the Estate | ~~[PROPOSED]~~ **STIPULATION AND**
   | of ANTHONY REA, and DEAN REA, | **PROTECTIVE ORDER**
22 |
   |          Plaintiffs,
23 |
   |    v.
24 |
   | PENINSULA CORRIDOR JOINT
25 | POWERS BOARD (CALTRAIN); and
   | DOES 1 through 100, inclusive,
26 |
   |          Defendants.
27

28
                                    - 1 -

STIPULATION AND PROTECTIVE ORDER; CASE NO. C 09-05538 EDL                2376346.2

Plaintiffs Cecilia Rea and Dean Rea (collectively "Plaintiffs") and Defendants Peninsula Corridor Joint Powers Board ("PCJPB") and National Railroad Passenger Corporation ("Amtrak") (collectively "Defendants"), hereby stipulate to the following:

1.     PURPOSE.  Production of documents does not result in the express or implied waiver of any privilege or protection for the materials produced in the course of this litigation in the above-entitled action.  It is the parties' intentions to produce all non-privileged documents to each other in this litigation without worrying about how and for what purpose those documents might be used outside of this litigation.  To that end, all documents produced by any party to other parties shall be confidential, without need for being marked as such.  The parties agree that production of documents in this case shall be governed by the procedures and terms set forth in this Stipulation and Protective Order.  This Order shall also govern resolution of any disputes that arise between or among the parties over the designation of any documents or other materials as privileged.

2.     DEFINITIONS.

2.1     Party:  Any party to this action, including all of his or her or its officers, directors, employees, consultants, retained experts, and Counsel (as defined below).

2.2     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery by the parties in this matter.

2.3     Protected Material:  Any Disclosure or Discovery Material that is privileged under the attorney-client, work product, or other privileges recognized under state or federal law.

2.4     Counsel:  Attorneys, as well as their support staff, who are counsel of record in this matter.

2.5     Confidential:  All documents produced by the parties to this matter are confidential, meaning that they shall not be disclosed to anyone outside this litigation.  Thus, all documents produced by the parties to this litigation may be disclosed to Counsel and the Parties

- 2 -

as defined above, and to no one else other than Professional Vendors (see below) who are retained for document services. Counsel for the respective Parties bear the burden to ensure that their owns staffs, their retained experts, and Professional Vendors they retain, comply with this Stipulation and Protective Order. Counsel may opt to have their own staffs, their retained experts and their Professional Vendors sign on to this Stipulation and Protective Order, but even in that case it is the attorneys' burden to ensure compliance. The confidentiality anticipated by this Stipulation and Protective Order shall not require the filing under seal of any disclosure or discovery material that is filed with the Court. Filing under seal shall only be required if there is an independent basis for that requirement.

       2.6    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., scanning, photocopying, videotaping, translating, preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors retained in this action.

       2.7    <u>Producing Party</u>: The Party who originally produced disclosure or discovery materials, or from whom documents were sought.

       3.    <u>SCOPE</u>. This Stipulation and Protective Order shall govern all Disclosure or Discovery Material, and all parties to this action and their Counsel of record shall be bound by the provisions hereof. This includes all materials that have already been or will be produced in any manner in this case, whether through initial or supplemental disclosures, discovery, or other vehicles. This Stipulation and Protective Order prohibits the Parties from revealing any information set forth in the preceding sentence in any way, except as provided for in Paragraph 9.

       4.    <u>DURATION</u>. Even after the termination of this litigation, the obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.

       5.    <u>MANNER OF PRODUCTION</u>.

       5.1    Defendants have produced, and both Parties anticipate that they will be producing documents (including making documents available for inspection) to each other in this

- 3 -

1  action. The procedures that follow are meant to allow the production to go forward without any

2  Party having to worry about inadvertent disclosure of Privileged or Protected documents and to

3  limit the use of such documents to this matter.

4      5.2    Where the Parties provide documents for inspection by other parties, the

5  Parties hereby agree that either Party may make selections of those documents for reproduction

6  by a mutually agreed upon Professional Vendor. Selected documents will be scanned by the

7  Professional Vendor and "Bates" stamped. The Parties shall each bear one half of the cost of

8  scanning and "Bates" numbering and will be separately responsible to the Professional Vendor

9  for such costs. No Party shall be deemed to waive any privilege that may apply to the documents

10  selected for copying by other parties. Each Party shall specify the format of production of the

11  documents it requires from the Professional Vendor directly to the Professional Vendor. In

12  addition to their respective responsibilities for one half of the costs of scanning and "Bates"

13  numbering, each Party shall bear all of its own costs for the production of documents it has

14  specified from the Professional Vendor.

15      6.    INADVERTENT DISCLOSURE OF PROTECTED MATERIAL. The

16  inadvertent disclosure of Protected Material that a Party later claims should not have been

17  produced because of a privilege belonging to that entity, including but not limited to the attorney-

18  client privilege or work-product privilege, will not be deemed to waive any privileges. A

19  Producing Party may request the return of any Protected Material. A request for the return of any

20  Protected Material shall identify the Protected Material from the production. If a Producing Party

21  requests the return of any Protected Material, the other Parties must immediately return the

22  material(s) in question to the Party that produced it and destroy all copies, including all

23  information copied or extracted the Protected Material. Parties returning such Protected Material

24  shall not assert as a ground for entering an order compelling production of the Protected Material

25  the fact or circumstances of the inadvertent production.

26      If a Party identifies information during its inspection, which it believes may be Protected

27  Material, it must immediately notify and/or return the material. Should the Producing Party assert

28

- 4 -

STIPULATION AND PROTECTIVE ORDER; CASE NO. C 09-05538 EDL

2376346.2

a claim of privilege over the identified material, it may request the return of the Protected Material and any information copied or extracted there from by other Parties.

7.  CHALLENGING PRIVILEGE CLAIMS

7.1  Meet and Confer. A Party that elects to initiate a challenge to a Producing Party's privilege claim must do so in good faith and must meet and confer. A challenging Party may proceed to the next stage of the challenge process only if it made reasonable efforts to engage in this meet and confer process first.

7.2  Judicial Intervention. A Party that elects to press a challenge to a privilege claim after considering the justification offered by the Producing Party may promptly file and serve a motion under Civil Local Rule 7 under seal in compliance with Civil Local Rule 79-5 that identifies the challenged material and sets forth in detail the basis for the challenge for the court to undertake an *in camera* review. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the privilege claim in the meet and confer dialogue. A Party may seek judicial intervention in accordance with this section at any time in the litigation and intervention sought hereunder is not dependent on discovery deadlines or document production date(s).

The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, the information must be preserved.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a Party learns that, by inadvertence or otherwise, he or she or it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Party must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (c) request that the persons or persons immediately return, sequester or destroy the Protected Materials, including all copies, abstracts, compilations, summaries or any

- 5 -

other form of reproducing or capturing any of the Protected Material to the Producing Party and use his or her or its best efforts to ensure that the person or persons comply with this request; and, (d) whether the Protected Material is returned or destroyed, the person or persons must submit a written certification to the Producing Party within five (5) days that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that no copies have been retained.

9.    DISCLOSURE AND DISCOVERY MATERIAL SHALL BE USED ONLY FOR PURPOSES OF THIS LITIGATION.  The Parties agree that all documents produced in this litigation shall be used only for purposes of litigating this case.  Documents shall be disclosed only to parties in this litigation and shall not be disclosed to anyone except to the following:

       a.    Counsel to Parties in this lawsuit and their agents/servants/employees;

       b.    experts retained by Counsel in this lawsuit;

       c.    the Parties in this lawsuit;

       d.    the Court, Court personnel, Court reporters, and the jury for this lawsuit; and,

       e.    Professional Vendors.

10.    ALL DISCOVERY OR DISCLOSURE MATERIAL TO BE RETURNED TO PRODUCING PARTY UPON FINAL DISPOSITION OF THIS ACTION - On final disposition of this case, all parties shall within 30 days of the conclusion of this action (whether by settlement, final judgment or dismissal, including the exhaustion of all appeals), without request or further order of this Court, return all Discovery or Disclosure Material produced in this action to the Producing Party, or provide a declaration under penalty of perjury stating that all Discovery or Disclosure Material produced under this protective order, and any and all copies of that information made in any media, have been destroyed in such a way as they cannot be read or recreated.

11.    ADMISSIBILITY - This Stipulation and Protective Order addresses only those measures and procedures for handling Discovery or Disclosure Material during this litigation

- 6 -

2376346.2

before trial, and does not address the admissibility of any document produced pursuant to this Stipulation and Protective Order on any motion or at trial. The Court will make its own determinations as to the admissibility of any Discovery or Disclosure Material produced under this Stipulation and Protective Order when the need for that determination arises.

12.   <u>MODIFICATION</u> - This Stipulation and Protective Order may be modified at any time by written agreement of the Parties and order by the Court, or by the Court on a noticed motion by one or more of the Parties.

13.   <u>JURISDICTION</u> - The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order after the conclusion of this action.

14.   <u>MISCELLANEOUS</u>

(a)   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right he or she or it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED.

- 7 -

1  DATED: June _18_, 2010                HANSON BRIDGETT LLP

2                                        By: _____

3                                        KIMON MANOLIUS
                                         WARREN R. WEBSTER
4                                        ROSHAN JAIN
                                         EMILY M. CHARLEY
5                                        Attorneys for Defendants
                                         PENINSULA CORRIDOR JOINT POWERS
6                                        BOARD and NATIONAL RAILROAD
                                         PASSENGER CORPORATION
7
   DATED: June _16_, 2010                MARY ALEXANDER & ASSOCIATES
8
9                                        By: _____

10                                       MARY ALEXANDER
                                         JENNIFER L. FIORE
11                                       Attorneys for Plaintiffs
                                         CECILIA REA, Individually, as Successor in
12                                       Interest of Decedent ANTHONY REA and
                                         Personal Representative of the Estate of
13                                       ANTHONY REA, and DEAN REA

14  IT IS SO ORDERED.

15  DATED: June _18_, 2010

16                                       By: _____
                                         ELIZABETH D. LAPORTE
17                                       United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

- 8 -

STIPULATION AND PROTECTIVE ORDER; CASE NO. C 09-05538 EDL        2376346.2